**Paul T. Fortino**, OSB No. 83201
pfortino@perkinscoie.com
**David P.R. Symes**, OSB No. 96135
dsymes@perkinscoie.com
**Christopher L. Garrett**, OSB No. 03100
cgarrett@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: (503) 727-2000
Facsimile: (503) 727-2222

# ORIGINAL

Attorneys for Plaintiff Stockamp & Associates, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **STOCKAMP & ASSOCIATES, INC.**, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**ACCRETIVE HEALTH**, an Illinois business; **JOHN SPARBY**, an individual; and **LOGAN JOHNSTON**, an individual,<br><br>Defendants. | Case No. CV'04 1443 JE<br><br>**COMPLAINT (Breach of Contract, Intentional Interference with Economic Relations)**<br><br>**DEMAND FOR JURY TRIAL** |

## PARTIES

1.

Plaintiff, Stockamp & Associates, Inc. ("Stockamp") is an Oregon corporation with its principal place of business in Oregon. Stockamp does business throughout the United States.

1-  COMPLAINT

[56705-0001/PA042770.002]

2.

Defendant Accretive Health ("Accretive") is an Illinois business with its principal place of business in Chicago, Illinois.

3.

Defendant John Sparby ("Sparby") is an individual residing, upon information and belief, in Illinois.

4.

Defendant Logan Johnston ("Johnston") is an individual residing, upon information and belief, in North Carolina.

## JURISDICTION AND VENUE

5.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Stockamp is diverse in citizenship from each of the defendants and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.

Venue in this district is appropriate because Stockamp is domiciled in this district and because many of the events giving rise to this lawsuit occurred in this district.

## FACTUAL ALLEGATIONS

7.

Stockamp provides revenue cycle solutions and patient access and flow solutions to hospitals and healthcare providers throughout the United States. Stockamp is headquartered in Lake Oswego, Oregon and employs more than 300 people throughout the United States. Stockamp provides comprehensive revenue cycle solutions that improve clients' revenue cycle operations and increase revenue by developing processes that, for example, lower accounts receivable, improve cash flow, increase income, and reduce operating expenses. Stockamp's

2-  COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

[56705-0001/PA042770.002]

revenue cycle solutions improve patient service and satisfaction, as well as employee performance and satisfaction, of its clients.  Since its inception in 1990, Stockamp has become a nationally recognized leader in the healthcare industry, with a client base that includes in excess of 50 of the nation's hospitals, including many of the largest and most prestigious.

8.

Over the years, Stockamp has developed highly specialized and proprietary methods and processes that it uses to evaluate and improve clients' revenue cycle performance.  Stockamp also has developed copyrighted software that Stockamp installs on its clients' computer systems.

9.

Stockamp's competitive success is attributable in part to Stockamp's ability to deploy its specialized methods and processes.  Stockamp takes great care to protect the confidentiality of those methods and processes.  Stockamp executes confidentiality agreements with its employees that prohibit the use and disclosure of Stockamp's confidential and proprietary information for any unauthorized purpose.

10.

Accretive is a new entrant in and competes with Stockamp in the market for providing revenue cycle services and other services that improve revenue cycle performance for hospitals and healthcare providers.  Upon information and belief, Accretive was founded in 2003 and is headquartered in Chicago.  Upon information and belief, Accretive is actively soliciting healthcare clients throughout the United States for its services.

11.

In or around April and May 2003, Dale Stockamp, the founder and CEO of Stockamp, was contacted by Arthur Spiegel, Accretive's current Co-Chairman.  Spiegel asked if Stockamp would be interested in participating in a revenue cycle services start-up firm that Spiegel was helping to form.  Spiegel told Dale Stockamp that in light of Stockamp's status as the industry

3-    COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

[56705-0001/PA042770.002]

leader, Spiegel wanted Stockamp to play a central role in the revenue cycle methodology and processing for his new firm (which is now known as Accretive). Dale Stockamp informed Spiegel that Stockamp was not interested in participating in his new venture.

12.

After Stockamp rejected Spiegel's overtures, persons acting on behalf of Accretive (or the firm now known as Accretive) launched a campaign to recruit Stockamp employees at all levels.

13.

In or around September or October 2003, Paul Kohlheim, Stockamp's Chief Operating Officer, was contacted by Daversa Partners, an executive search firm that was recruiting on behalf of Accretive (or the firm now known as Accretive). Daversa Partners offered to have Kohlheim speak with Mary Tolan, the CEO of Accretive (or the firm now known as Accretive). Kohlheim replied that he was not interested and that he had contractual obligations to Stockamp that prevented him from working for a Stockamp competitor.

14.

A number of Stockamp's executives were recruited to join Accretive (or the firm now known as Accretive). All of them declined to do so.

15.

In or around December 2003, defendant Sparby, then a Stockamp Manager located in the New York City area, announced that he would leave Stockamp and join Accretive. Sparby's last day of employment with Stockamp was December 31, 2003. Upon information and belief, Sparby began working for Accretive in or around January 2004. Upon information and belief, Sparby holds the position of Director of Client Services for Accretive.

16.

During his nearly six years of employment with Stockamp, Sparby had routine access to Stockamp's confidential and proprietary information and trade secrets including, without

4-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

[56705-0001/PA042770.002]

limitation, the identity of Stockamp's clients and prospective clients, Stockamp's sales contacts

and strategies, and Stockamp's methods, processes, and software for improving revenue cycle

performance.

17.

When he commenced employment with Stockamp in January 1998, Sparby executed an

employment agreement (the "Sparby Agreement"). Sparby executed an amendment to the

Sparby Agreement on or about March 1, 2002. As amended, Section 6 of the Sparby Agreement

provides, in relevant part:

> 6.    Future Activities.  During the term of your employment by
> [Stockamp], and for one year thereafter, you agree not to, directly or
> indirectly, actively compete with [Stockamp]. The following constitutes
> the definition of "actively competing" with [Stockamp] for the purposes of
> this Agreement:  (1) soliciting business from any entity that at the time is
> or in the prior year has been a client of [Stockamp] or that you learned was
> specifically targeted as a prospective client of [Stockamp] during the term
> of your employment and for which we had direct marketing activities
> planned during the year following your termination; (2) inducing any of
> our clients not to purchase services or products from [Stockamp]; (3)
> soliciting or inducing any employee of [Stockamp] to leave employment
> by [Stockamp]; and (4) disclosing or disseminating to, or for the benefit
> of, anyone information concerning clients, prospective clients, suppliers,
> and business plans of [Stockamp].  Assisting any other person or firm in
> any of the activities outlined in (1) through (4) above shall also constitute
> "actively competing" with [Stockamp].

18.

In Section 7 of the Sparby Agreement, Sparby acknowledged that "the terms of Sections

4, 5 and 6 are reasonable and that breach of Sections 4, 5 or 6 would cause [Stockamp]

irreparable harm.  In the event of a breach of any of those Sections, [Stockamp] would be

entitled to injunctive relief in addition to all other remedies available under law."

19.

In 1998, Stockamp hired defendant Johnston as an Associate consultant.  Johnston

commenced employment or about July 6, 1998.  Johnston was promoted to the position of Senior

5-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

Associate on or about October 1, 2000.  Johnston was promoted to the position of Manager on or about April 1, 2003.

20.

During his employment with Stockamp, Johnston worked directly with and was supervised by Sparby from time to time.

21.

In or around August 2004, Johnston announced that he would leave Stockamp and join Accretive.  Johnston submitted his formal notice of resignation on or about August 16, 2004.  Johnston's last day of employment with Stockamp was September 10, 2004.  Upon information and belief, Johnston subsequently commenced or is about to commence employment with Accretive.

22.

While Johnston was employed by Stockamp and Sparby was employed by Accretive, Johnston and Sparby communicated concerning the possibility of Johnston's leaving Stockamp to join Accretive.

23.

During his more than six years of employment with Stockamp, Johnston had routine access to Stockamp's confidential and proprietary information and trade secrets including, without limitation, the identity of Stockamp's clients and prospective clients, Stockamp's sales contacts and strategies, and Stockamp's methods, processes, and software for improving its clients' revenue cycle performance.

24.

On or about April 30, 1998, prior to commencing employment with Stockamp, Johnston executed an employment agreement (the "Johnston Agreement").  Prior to his promotion to Manager in April 2003, Johnston was informed by Stockamp that he would be required to

6-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

[56705-0001/PA042770.002]

execute another amendment to the Johnston Agreement as a condition of the promotion.

Johnston executed the amendment to the Johnston Agreement on or about April 5, 2003.  As

amended, Section 6 of the Johnston Agreement provides, in relevant part:

> 6.    <u>FUTURE ACTIVITIES.</u>
>
> 6.1    <u>Agreement Not to Compete.</u>  The Employee agrees that, during the term of his employment, and for the longer of (a) eighteen (18) months thereafter or (b) such other period as he and [Stockamp] subsequently agree on in writing, he shall not, directly or indirectly, compete with [Stockamp].
>
> 6.2    <u>Definition of Competition.</u>  The following constitutes the definition of "competing" with [Stockamp] for the purposes of this Agreement . . .:
>
> (a) Engaging in any line of business anywhere within the United States that is the same as, or which competes in any way with, any line of business [Stockamp] is then engaged in, or in any line of business [Stockamp] planned to engage in within six (6) months prior to the termination of Employee's employment . . . .
>
> (d) Soliciting or inducing any employee of [Stockamp] to leave employment by [Stockamp], or hiring or entering into business with someone, who at the time is an employee of [Stockamp] or in the past six (6) months has been an employee of [Stockamp]. . . .

25.

In Section 7 of the Johnston Agreement, Johnston acknowledged that "the terms of

Sections 4, 5 and 6 are reasonable and that breach of Sections 4, 5 or 6 would cause [Stockamp]

irreparable harm.  In the event of a breach of any of those Sections, [Stockamp] would be

entitled to injunctive relief in addition to all other remedies available under law."

26.

In 2000, Stockamp hired Sara Lyng as an Associate employee.  Lyng commenced

employment in or around October 2000.  Lyng was promoted to the position of Senior Associate

or about October 1, 2002.

7-    COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

[56705-0001/PA042770.002]

27.

During her employment with Stockamp, Lyng worked directly with and was supervised by Sparby from time to time.  Upon information and belief, Lyng and Sparby remained in contact after Sparby left Stockamp in December 2003.

28.

During her employment with Stockamp, Lyng also worked directly with Johnston from time to time.

29.

On or about August 18, 2004, two days after Johnston submitted his formal notice of resignation, Lyng announced that she would leave Stockamp and join Accretive.  Lyng's last day of employment with Stockamp was September 10, 2004.  Upon information and belief, Lyng subsequently commenced or is about to commence employment with Accretive.

30.

Upon information and belief, during the time period that Lyng was employed by Stockamp and Sparby was employed by Accretive, Lyng and Sparby communicated concerning the possibility of Lyng's leaving Stockamp to join Accretive.

31.

Upon information and belief, during the time period that Lyng and Johnston were both employed by Stockamp, Lyng and Johnston communicated concerning the possibility that either or both of them would leave Stockamp to join Accretive.

32.

During her nearly four years of employment with Stockamp, Lyng had routine access to Stockamp's confidential and proprietary information and trade secrets including, without limitation, the identity of Stockamp's clients and prospective clients, Stockamp's sales contacts

8-    COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

[56705-0001/PA042770.002]

and strategies, and Stockamp's methods, processes, and software for improving its clients' revenue cycle performance.

33.

In 2003, Stockamp hired Brad Tinnermon as a Manager.  Tinnermon commenced employment on or about November 10, 2003.  On or about October 15, 2003, Tinnermon executed an employment agreement (the "Tinnermon Agreement").  Section 5 of the Tinnermon Agreement provides, in relevant part:

> Future Activities.  During the term of your employment by [Stockamp], and for eighteen months thereafter, you agree not to, directly or indirectly, compete with [Stockamp].  The following constitutes the definition of "competing" with [Stockamp] for purposes of this Agreement:  (1) engaging anywhere in the United States in a business which is the same as, or which competes with, any business [Stockamp] is then engaged in . . . .

34.

In or around September 2004, Stockamp learned that Tinnermon had been in contact with Accretive about prospective employment.

35.

Sparby and Tinnermon have communicated about the possibility of Tinnermon's leaving Stockamp to join Accretive.

36.

Upon information and belief, Accretive presently has approximately 10 employees, three of whom are former Stockamp employees.

37.

On or about September 1, 2004, Stockamp, through counsel, informed Accretive by letter of the employment agreements between Stockamp and Sparby, Johnston, and Lyng.

9-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

## FIRST CLAIM FOR RELIEF

*Breach of Employment Agreement—Defendant Sparby*

38.

Stockamp incorporates Paragraphs 1 through 37 above as if fully alleged herein.

39.

Upon information and belief, Sparby, on behalf of Accretive, actively participated in recruiting Johnston and in inducing Johnston to decide to leave Stockamp and join Accretive. This activity occurred less than one year after Sparby left Stockamp and while Johnston was still a Stockamp employee.

40.

Sparby's actions in recruiting and inducing Johnston to join Accretive are in material breach of the Sparby Agreement, and specifically that part of Section 6 that prohibits Sparby, during the term of his employment by Stockamp "and for one year thereafter," from "soliciting or inducing any employee of [Stockamp] to leave employment by [Stockamp]" or from "[a]ssisting any other person or firm" in doing so.

41.

Because of Sparby's breach of Section 6 of the Sparby Agreement, Stockamp has been damaged in that Stockamp has lost the valuable services of Johnston; Stockamp must incur expenses to recruit and train Johnston's replacement; Johnston's services are now being put to the use of Stockamp's direct competitor, Accretive; and Johnston has the ability to disclose Stockamp's confidential and proprietary information in such a manner as will benefit Accretive and cause irreparable and incalculable harm to Stockamp's goodwill and competitive position.

42.

Stockamp has fulfilled any and all of its obligations to Sparby.

10-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

[56705-0001/PA042770.002]

43.

Sparby's breach of the Sparby Agreement has damaged Stockamp in an amount to be proved at trial and which exceeds $75,000, and is causing Stockamp ongoing and irreparable harm necessitating immediate injunctive relief.

## SECOND CLAIM FOR RELIEF

*Intentional Interference with Economic Relations—Defendant Sparby*

44.

Stockamp incorporates Paragraphs 1 through 43 above as if fully alleged herein.

45.

Sparby knew that Stockamp had an existing economic relationship with Johnston.

46.

Upon information and belief, Sparby knew that Johnston was contractually bound not to compete with Stockamp for some time after terminating his employment with Stockamp.

47.

Stockamp and Accretive are direct competitors in the market for providing revenue cycle services and patient access and flow services to hospitals and healthcare providers.

48.

Upon information and belief, Sparby, on behalf of Accretive, actively recruited and induced Johnston to leave Stockamp and join Accretive even though Sparby knew that Johnston was subject to a noncompetition agreement.

49.

Upon information and belief, as a result of Sparby's interference with Stockamp's economic relationship with Johnston, Johnston chose to terminate his relationship with Stockamp and to begin working for Accretive, Stockamp's direct competitor.

11- COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

[56705-0001/PA042770.002]

50.

Upon information and belief, in intentionally interfering with Stockamp's economic relationship with Johnston, Sparby acted for improper purposes, including gaining access to Johnston's knowledge of Stockamp's confidential and proprietary information.

51.

Upon information and belief, in intentionally interfering with Stockamp's economic relationship with Johnston, Sparby acted through improper means, including breaching Sparby's own nonsolicitation agreement with Stockamp.

52.

As a result of Sparby's intentional and wrongful interference with Stockamp's economic relationship with Johnston, Stockamp has lost the valuable services of Johnston; Stockamp must incur expenses to recruit and train Johnston's replacement; Johnston's services are now being put to the use of Stockamp's direct competitor, Accretive; and Johnston has the ability to disclose Stockamp's confidential and proprietary information in such a manner as will benefit Accretive and cause irreparable and incalculable harm to Stockamp's goodwill and competitive position.

53.

Sparby's intentional and wrongful interference with Stockamp's economic relationship with Johnston has damaged Stockamp in an amount to be proved at trial and which exceeds $75,000, and is causing Stockamp ongoing and irreparable harm necessitating immediate injunctive relief.

## <u>THIRD CLAIM FOR RELIEF</u>

*Intentional Interference with Economic Relations—Defendant Accretive*

54.

Stockamp incorporates Paragraphs 1 through 53 above as if fully alleged herein.

12- COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

55.

Upon information and belief, Accretive is continuing to employ Johnston notwithstanding Accretive's actual knowledge that Johnston is bound by Section 6 of the Johnston Agreement not to "engag[e] in any line of business anywhere within the United States that is the same as, or which competes in any way with, any line of business [Stockamp] is then engaged in" for a period of at least eighteen months after leaving Stockamp.

56.

Accretive's conduct in employing Johnston constitutes intentional interference with Stockamp's economic relationship with Johnston.

57.

Accretive's interference with Stockamp's economic relationship with Johnston is through an improper means in that Accretive is aware of Johnston's explicit obligation not to compete with Stockamp.

58.

Upon information and belief, Accretive's interference with Stockamp's economic relationship with Johnston is for an improper purpose in that Accretive desires to gain access to Johnston's knowledge of Stockamp's confidential and proprietary information.

59.

As a result of Accretive's intentional and wrongful interference with Stockamp's economic relationship with Johnston, Johnston's services are now being put to the use of Stockamp's direct competitor, Accretive, and Johnston has the ability to disclose Stockamp's confidential and proprietary information in such a manner as will benefit Accretive and cause irreparable and incalculable harm to Stockamp's goodwill and competitive position.

13- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

[56705-0001/PA042770.002]

60.

Accretive's intentional and wrongful interference with Stockamp's economic relationship with Johnston has damaged Stockamp in an amount to be proved at trial and which exceeds $75,000, and is causing Stockamp ongoing and irreparable harm necessitating immediate injunctive relief.

## FOURTH CLAIM FOR RELIEF

*Intentional Interference with Economic Relations—Defendant Accretive (Respondeat Superior)*

61.

Stockamp incorporates Paragraphs 1 through 60 above as if fully alleged herein.

62.

Upon information and belief, Sparby's actions constituting intentional interference with Stockamp's economic relationship with Johnston, as alleged in Stockamp's Second Claim for Relief above, were carried out in the course and scope of Sparby's employment with Accretive.

63.

Accretive is liable for Sparby's tortious conduct under the doctrine of *respondeat superior*.

64.

As a result of Accretive's intentional and wrongful interference with Stockamp's economic relationship with Johnston, Stockamp has lost the valuable services of Johnston; Stockamp must incur expenses to recruit and train Johnston's replacement; Johnston's services are now being put to the use of Stockamp's direct competitor, Accretive; and Johnston has the ability to disclose Stockamp's confidential and proprietary information in such a manner as will benefit Accretive and cause irreparable and incalculable harm to Stockamp's goodwill and competitive position.

14- COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

65.

Accretive's intentional and wrongful interference with Stockamp's economic relationship with Johnston has already damaged Stockamp in an amount to be proved at trial and which exceeds $75,000, and is causing Stockamp ongoing and irreparable harm necessitating immediate injunctive relief.

**FIFTH CLAIM FOR RELIEF**

*Breach of Employment Agreement (Same Line of Business)—Defendant Johnston*

66.

Stockamp incorporates Paragraphs 1 through 65 above as if fully alleged herein.

67.

Accretive engages in a line of business that is the same as, or that competes with, a line of business that Stockamp engages in.

68.

Johnston's employment with Stockamp terminated on September 10, 2004.  Upon information and belief, Johnston is now or is about to begin working for Accretive.

69.

By working for Accretive prior to March 10, 2006, Johnston is in material breach of the Johnston Agreement, and specifically that part of Paragraph 6 that prohibits Johnston, during the term of his employment "and for the longer of (a) eighteen (18) months thereafter," from "[e]ngaging in any line of business anywhere within the United States that is the same as, or which competes in any with, any line of business [Stockamp] is then engaged in."

70.

Stockamp has fulfilled any and all of its obligations to Johnston.

15-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

[56705-0001/PA042770.002]

71.

Because of Johnston's breach of the Johnston Agreement, Stockamp has been damaged in that Johnston's services are now being put to the use of Stockamp's direct competitor, Accretive, and Johnston has the ability to disclose Stockamp's confidential and proprietary information in such a manner as will benefit Accretive and cause irreparable and incalculable harm to Stockamp's goodwill and competitive position.

72.

Johnston's breach of the Johnston Agreement has damaged Stockamp in an amount to be proved at trial and which exceeds $75,000, and is causing Stockamp ongoing and irreparable harm necessitating immediate injunctive relief.

## SIXTH CLAIM FOR RELIEF

*Breach of Employment Agreement (Entering Into Business With Lyng)—Defendant Johnston*

73.

Stockamp incorporates Paragraphs 1 through 72 above as if fully alleged herein.

74.

Upon information and belief, Johnston and Lyng are both now working or are about to begin working for Accretive.

75.

Lyng was a Stockamp employee within the past six months.

76.

Because of working with Lyng at Accretive, Johnston is in material breach of the Johnston Agreement, and specifically that part of Section 6 that prohibits Johnston, during the term of his employment "and for the longer of (a) eighteen (18) months thereafter," from "hiring or entering into business with someone, who at the time is an employee of [Stockamp] or in the past six (6) months has been an employee of [Stockamp]."

16-  COMPLAINT

[56705-0001/PA042770.002]

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

77.

Stockamp has fulfilled any and all of its obligations to Johnston.

78.

Because of Johnston's breach of Section 6 of the Johnston Agreement, Stockamp has been damaged in that Stockamp has lost the valuable services of Lyng; Stockamp must incur expenses to recruit and train Lyng's replacement; Lyng's services are now being put to the use of Stockamp's direct competitor, Accretive; and Lyng has the ability to disclose Stockamp's confidential and proprietary information in such a manner as will benefit Accretive and cause irreparable and incalculable harm to Stockamp's goodwill and competitive position.

79.

Johnston's breach of the Johnston Agreement has damaged Stockamp in an amount to be proved at trial and which exceeds $75,000, and is causing Stockamp ongoing and irreparable harm necessitating immediate injunctive relief.

## SEVENTH CLAIM FOR RELIEF

*Breach of Employment Agreement (Solicitation of Sara Lyng)—Defendant Sparby*

80.

Stockamp incorporates Paragraphs 1 through 79 above as if fully alleged herein.

81.

Upon information and belief, Sparby, on behalf of Accretive, actively and intentionally participated in recruiting Lyng and in inducing Lyng to decide to leave Stockamp and join Accretive. This activity occurred less than one year after Sparby left Stockamp and while Lyng was still a Stockamp employee.

82.

Sparby's actions in recruiting and inducing Lyng to join Accretive are in material breach of the Sparby Agreement, and specifically that part of Section 6 that prohibits Sparby, during the

17- COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

term of his employment by Stockamp "and for one year thereafter," from "soliciting or inducing any employee of [Stockamp] to leave employment by [Stockamp]" or from "[a]ssisting any other person or firm" in doing so.

83.

Because of Sparby's breach of Section 6 of the Sparby Agreement, Stockamp has been damaged in that Stockamp has lost the valuable services of Lyng; Stockamp must incur expenses to recruit and train Lyng's replacement; Lyng's services are now being put to the use of Stockamp's direct competitor, Accretive; and Lyng has the ability to disclose Stockamp's confidential and proprietary information in such a manner as will benefit Accretive and cause irreparable and incalculable harm to Stockamp's goodwill and competitive position.

84.

Stockamp has fulfilled any and all of its obligations to Sparby.

85.

Sparby's breach of the Sparby Agreement has damaged Stockamp in an amount to be proved at trial and which exceeds $75,000, and is causing Stockamp ongoing and irreparable harm necessitating immediate injunctive relief.

### EIGHTH CLAIM FOR RELIEF

*Intentional Interference with Economic Relations (Lyng)—Defendant Sparby*

86.

Stockamp incorporates Paragraphs 1 through 85 above as if fully alleged herein.

87.

Sparby knew that Stockamp had an existing economic relationship with Lyng.

88.

Upon information and belief, Sparby, on behalf of Accretive, intentionally recruited and induced Lyng to leave Stockamp and join Accretive.

18- COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

89.

Upon information and belief, as a result of Sparby's interference with Stockamp's economic relationship with Lyng, Lyng chose to terminate her relationship with Stockamp and to begin working for Accretive, Stockamp's direct competitor.

90.

Upon information and belief, in intentionally interfering with Stockamp's economic relationship with Johnston, Sparby acted for improper purposes, including gaining access to Lyng's knowledge of Stockamp's confidential and proprietary information.

91.

Upon information and belief, in intentionally interfering with Stockamp's economic relationship with Lyng, Sparby acted through improper means, including breaching Sparby's own nonsolicitation agreement with Stockamp.

92.

As a result of Sparby's intentional and wrongful interference with Stockamp's economic relationship with Lyng, Stockamp has lost the valuable services of Lyng; Stockamp must incur expenses to recruit and train Lyng's replacement; Lyng's services are now being put to the use of Stockamp's direct competitor, Accretive; and Lyng has the ability to disclose Stockamp's confidential and proprietary information in such a manner as will benefit Accretive and cause irreparable and incalculable harm to Stockamp's goodwill and competitive position.

93.

Sparby's intentional and wrongful interference with Stockamp's economic relationship with Lyng has damaged Stockamp in an amount to be proved at trial and which exceeds $75,000, and is causing Stockamp ongoing and irreparable harm necessitating immediate injunctive relief.

19- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

## NINTH CLAIM FOR RELIEF

*Breach of Employment Agreement (Solicitation of Brad Tinnermon)—Defendant Sparby*

94.

Stockamp incorporates Paragraphs 1 through 93 above as if fully alleged herein.

95.

Upon information and belief, Sparby, on behalf of Accretive, actively participated in recruiting Tinnermon by, *e.g.,* interviewing Tinnermon for a position with Accretive. This activity occurred less than one year after Sparby left Stockamp and while Tinnermon was a Stockamp employee.

96.

Sparby's actions in recruiting Tinnermon to join Accretive are in material breach of the Sparby Agreement, and specifically that part of Section 6 that prohibits Sparby, during the term of his employment by Stockamp "and for one year thereafter," from "soliciting or inducing any employee of [Stockamp] to leave employment by [Stockamp]" or from "[a]ssisting any other person or firm" in doing so.

97.

Stockamp has fulfilled any and all of its obligations to Sparby.

98.

Sparby's breach of the Sparby Agreement has damaged Stockamp in an amount to be proved at trial and which exceeds $75,000, and is causing Stockamp ongoing and irreparable harm necessitating immediate injunctive relief.

## TENTH CLAIM FOR RELIEF

*Intentional Interference with Economic Relations (Tinnermon)—Defendant Sparby*

99.

Stockamp incorporates Paragraphs 1 through 98 above as if fully alleged herein.

20-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

[56705-0001/PA042770.002]

100.

Sparby knew that Stockamp has an existing economic relationship with Tinnermon.

101.

Upon information and belief, Sparby knew that Tinnermon is contractually bound not to compete with Stockamp for some time after terminating his employment with Stockamp.

102.

Upon information and belief, Sparby, on behalf of Accretive, intentionally recruited Tinnermon to leave Stockamp and join Accretive.

103.

Upon information and belief, in intentionally interfering with Stockamp's economic relationship with Tinnermon, Sparby acted for improper purposes, including gaining access to Tinnermon's knowledge of Stockamp's confidential and proprietary information.

104.

Upon information and belief, in intentionally interfering with Stockamp's economic relationship with Tinnermon, Sparby acted through improper means, including breaching Sparby's own nonsolicitation agreement with Stockamp.

105.

Sparby's intentional and wrongful interference with Stockamp's economic relationship with Tinnermon has damaged Stockamp in an amount to be proved at trial and which exceeds $75,000, and is causing Stockamp ongoing and irreparable harm necessitating immediate injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Stockamp prays for relief as follows:

1)        On its first, second, seventh, eighth, ninth, and tenth claims for relief, against defendant Sparby, damages in an amount to be proven at trial, but in no event less than $75,000,

21-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

[56705-0001/PA042770.002]

and preliminary and permanent injunctive relief requiring Sparby to refrain from soliciting or inducing Stockamp employees to join Accretive, otherwise breaching his contractual obligations to Stockamp, or otherwise tortiously interfering with Stockamp's economic relationships;

2)      On its third and fourth claims for relief, against defendant Accretive, damages in an amount to be proven at trial, but in no event less than $75,000, and preliminary and permanent injunctive relief requiring Accretive to refrain from employing Johnston during the period of Johnston's noncompetition obligation to Stockamp or otherwise tortiously interfering with Stockamp's economic relationships;

3)      On its fifth and sixth claims for relief, against defendant Johnston, damages in amount to be proven at trial, but in no event less than $75,000, and preliminary and permanent injunctive relief requiring Johnston to refrain from working for Accretive, soliciting or inducing Stockamp employees to join Accretive, or otherwise breaching his contractual obligations to Stockamp during the period that those obligations are in force;

4)      An award of the attorney's fees, costs, and expenses that Stockamp incurs in prosecuting this action as allowed by law;

5)      Post-judgment interest; and

6)      Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

DATED:  October __5__, 2004.

PERKINS COIE LLP

By _____

**Paul T. Fortino**, OSB No. 83201
**David P.R. Symes**, OSB No. 96135
**Christopher L. Garrett**, OSB No. 03100
Telephone:  (503) 727-2000

Attorneys for Plaintiff Stockamp & Associates, Inc.

22- COMPLAINT

[56705-0001/PA042770.002]