IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


STOCKAMP & ASSOCIATES, INC.,　　　　　　　　　　　CV 04-1443-BR
an Oregon corporation,

　　　　Plaintiff,　　　　　　　　　　　　　　　　OPINION AND ORDER

v.

ACCRETIVE HEALTH, an Illinois
business; JOHN SPARBY, an
individual; and LOGAN JOHNSTON,
an individual,

　　　　Defendants.

**PAUL T. FORTINO**
**DAVID P.R. SYMES**
**CHRISTOPHER L. GARRETT**
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209
(503) 727-2000

　　　　Attorneys for Plaintiffs

1 - OPINION AND ORDER

**JOHN F. McGRORY, JR.**
**JENNA L. MOONEY**
Davis Wright Tremaine LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, OR  97201
(503) 778-5204

       Attorneys for Defendant Accretive Health

**ANTHONY E. DAVIS**
Davis Dixon LLP
519 S.W. Third Avenue, Suite 601
Portland, OR  97204
(503) 727-2500

       Attorneys for Defendants John Sparby
       and Logan Johnston

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion to Dismiss (#131).[1]

For the reasons that follow, the Court **DENIES** Defendants' Motion.

## BACKGROUND

The factual background of this dispute is set forth in the Court's previous Opinions and Orders issued December 10, 2004, and February 18, 2005.  The Court, therefore, need not repeat it.

---

[1] Oral argument will be heard on Defendants' Motion for Partial Summary Judgment (#126) and Plaintiff's Motion to Compel and Motion to Redesignate Defendant-Designated "AEO" Information "Confidential" (#162), and the Court will resolve those Motions thereafter.

2 - OPINION AND ORDER

**STANDARDS**

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)(citation omitted). A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998). When reviewing the sufficiency of the complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *McGary*, 386 F.3d at 1261 (internal quotation and citation omitted).

In addition, if a court dismisses a claim pursuant to Rule 12(b)(6), the court should grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency. *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See also Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

**DISCUSSION**

In its First Amended Complaint, Plaintiff Stockamp & Associates, Inc., asserts four claims against Defendants. Defendants contend the Court must dismiss Plaintiff's Second Claim (for intentional interference with economic relations) and Fourth Claim (for misappropriation of confidential information) because these claims are preempted by the Oregon Unfair Trade Practices Act (OUTPA).

The OUTPA provides in pertinent part:

> (1) Except as provided in section (2) of this section, ORS 646.461 to 646.475 supersedes conflicting tort, restitution or other law of Oregon providing civil remedies for misappropriation of a trade secret.
>
> (2) ORS 646.461 to 646.475 shall not affect:
>
>   (a) Contractual remedies, whether or not based upon misappropriation of a trade secret;
>
>   (b) Other civil remedies that are not based upon misappropriation of a trade secret;
>
>   (c) Criminal remedies, whether or not based upon misappropriation of a trade secret;
>
>   (d) Any defense immunity or limitation of liability afforded public bodies, their officers, employees or agents under ORS 30.260 to 30.300.

Or. Rev. Stat. § 646.473(1),(2). Defendants contend Plaintiff's Second and Fourth Claims arise from Defendants' alleged misappropriation of trade secrets and, therefore, they are

4 - OPINION AND ORDER

superseded by the statute.

## I. Plaintiff's Second Claim: Intentional Interference With Economic Relations

In its Second Claim, Plaintiff alleges Defendant Accretive Health intentionally interfered with Plaintiff's economic relationships with Defendant John Sparby, Defendant Logan Johnston, and Sarah Lyng.[2] Plaintiff also alleges Sparby intentionally interfered with Plaintiff's economic relationships with Johnston and Lyng.

To state a claim for intentional interference with economic relations under Oregon law, Plaintiff must allege the following elements: "(1) the existence of a professional or business relationship, (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damages to the economic relationship, and (6) damages." *Ziebert v. Sun Valley Lumber, Inc.*, 198 Or. App. 162, 169 (2005).

Plaintiff alleges Sparby and Accretive acted for the improper purpose of gaining access to Plaintiff's trade secrets and confidential and proprietary information. Defendants argue Plaintiff's Second Claim, therefore, arises from Defendants'

---

[2] Sparby, Johnston, and Lyng are former employees of Plaintiff who now work for Accretive. Sarah Lyng is not a Defendant in this matter.

5 - OPINION AND ORDER

alleged misappropriation of trade secrets and, accordingly, is preempted by the OUTPA.

The Court does not agree the OUTPA extends that far. The OUTPA only supersedes laws "providing civil remedies for misappropriation of a trade secret." Or. Rev. Stat. § 646.473(1). A claim for intentional interference with economic relations provides a remedy for interference with an economic relationship rather than a civil remedy for misappropriation of trade secrets. No Oregon court has held an intentional interference claim is preempted by the OUTPA merely because the defendant's alleged improper motive was to misappropriate trade secrets. Thus, a plaintiff is not required to prove the defendant actually misappropriated trade secrets to establish an intentional interference claim because the essential element of the tort is the defendant's improper motivation rather than the actual misappropriation.

Accordingly, the Court concludes Plaintiff's Second Claim for intentional interference with economic relations is not preempted by the OUTPA.

## II. Plaintiff's Fourth Claim: Misappropriation of Confidential Information

Defendants argue Plaintiff's state common-law claim for misappropriation of confidential information is preempted by the OUTPA. Defendants rely on *Kamin v. Kuhnau*, 232 Or. 129 (1962), to support their contention that Oregon law does not distinguish

6 - OPINION AND ORDER

between trade secrets and confidential information. Defendants assert the *Kamin* court did not distinguish between the misappropriation of a trade secret and the misappropriation of confidential information and, therefore, there is no such distinction under Oregon law. The Court notes *Kamin*, however, was decided before the enactment of the OUTPA.

The OUTPA defines the term "trade secret" as follows:

> 'Trade secret' means information, including a drawing, cost data, customer list, formula, pattern, compilation, program, device, method, technique or process that:
>
> (a) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure use; and
>
> (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Or. Rev. Stat. § 646.463(4). Before enactment of the statute, Oregon courts had no reason to distinguish between "trade secrets" and "confidential information" because there was no established definition for either term. In fact, the *Kamin* court uses the terms interchangeably because it does not appear the court was asked to distinguish between the terms. Accordingly, the Court finds *Kamin* does not establish a claim for misappropriation of confidential information is necessarily

identical to a claim for misappropriation of trade secrets.[3]

To the extent Plaintiffs contend Defendants have tortiously misappropriated something of value that does not fit within the statutory definition of a trade secret, it does not appear such a claim would be preempted by the OUTPA. In addition, the Court finds, based on this record, it is not beyond doubt that Plaintiff cannot state a claim based on misappropriation of material that falls outside the statutory definition of a "trade secret."

Accordingly, the Court denies Defendants' Motion to Dismiss Plaintiff's Fourth Claim.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion to Dismiss (#131).

IT IS SO ORDERED.

DATED this 4th day of August, 2005.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

---

[3] Defendants also rely on an unpublished Ninth Circuit opinion. This Court, however, cannot cite to or rely on unpublished decisions. See Ninth Circuit Rule 36-3.

8 - OPINION AND ORDER